Jeffry A. Davis (SBN 103299)
Joseph R. Dunn (SBN 238069)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel:   858-314-1500
Fax:   858-314-1501

Special Counsel for Trustee
Leslie T. Gladstone,

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re<br><br>CREATIVE CAPITAL LEASING GROUP, LLC,<br><br>Debtor. | Case No. 07-04977-PB7<br><br>Chapter 7<br><br>Adv. Proc. No. _____ |
| LESLIE T. GLADSTONE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>SHLOMO BENDERLY, VICTORIA BENDERLY, and SHLOMO & VICTORIA BENDERLY FAMILY TRUST,<br><br>Defendants. | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIM**<br><br>Dept:    4<br>Judge:   Peter W. Bowie |

Plaintiff Leslie T. Gladstone, the chapter 7 trustee (the "Trustee") of debtor Creative Capital Leasing Group, LLC (the "Debtor"), by and through her counsel, as and for her Complaint against defendants Shlomo Benderly, Victoria Benderly, and Shlomo & Victoria Benderly Family Trust ("Defendants"), respectfully alleges on behalf of the estate of the Debtor as follows:

1

4736063v.1

**JURISDICTION AND VENUE**

1. This proceeding arises in the bankruptcy case of *In re Creative Capital Leasing Group, LLC*, Case No. 07-04977-PB7 (the "Case"), which was commenced on September 10, 2007 (the "Petition Date") when Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California (the "Court").

2. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334, and Title 11 of the United States Code (the "Bankruptcy Code").

3. This adversary proceeding is a core proceeding for which the Court is authorized to hear and determine all matters in accordance with, inter alia, 28 U.S.C. § 157(b), subject to review under 28 U.S.C. § 158.

4. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1409 because the Debtor's Case is pending in this Court.

**PARTIES**

5. Plaintiff is the Chapter 7 Trustee and was appointed by the United States Trustee for the Southern District of California on or around October 10, 2008 to represent the interests of the Debtor's estate (the "Estate") in connection with the Debtor's Case.

6. Plaintiff is informed and believes and thereon alleges that defendants Shlomo and Victoria Benderly are individuals sometimes residing in California.

7. Plaintiff is informed and believes and thereon alleges that defendant Shlomo & Victoria Benderly Family Trust is a trust for which Shlomo and/or Victoria Benderly is a trustor, trustee and/or beneficiary.

**ALLEGATIONS**

8. Plaintiff is informed and believes and thereon alleges that the Debtor was formed in or around 1994 by David Winick ("David") and Daniel Winick, who were the initial named members of the Debtor. Prior to the Petition Date, the Debtor was engaged in the business of managing and leasing commercial real estate, residential real estate and heavy equipment.

4736063v.1

9.  Plaintiff is informed and believes and thereon alleges that on or around May 1, 1999, Daniel Winick "withdrew" as a member of the Debtor.  At all times thereafter, and at all times relevant herein, David was the sole named member of the Debtor.

10.  Plaintiff is informed and believes and thereon alleges that at all times relevant herein, the Debtor was managed and controlled by David and certain of his family members, and/or their agents, affiliated entities or representatives (the "Winick Family").

11.  Plaintiff is informed and believes and thereon alleges that long before the Petition Date, the Debtor began realizing significant cash flow deficiencies based on, among other things, the Winick Family's use of the Debtor's funds for their own personal use, including payment of personal loans and expenses of the Winick Family, and a severe decrease in the value of the Debtor's assets. All the while, the Debtor continued to solicit millions of dollars in loans from friends and family members to fund the Debtor's operations.  Ultimately, the Debtor became unable to pay its debts as they became due.

12.  Plaintiff is informed and believes and thereon alleges that Defendants loaned money to the Debtor over the course of several years.  In exchange, Defendants received promissory notes made by the Debtor which provided for payment of principal and interest to Defendants over time.

13.  To the extent one or more of the Defendants have filed proofs of claim in the Debtor's Case or have otherwise requested payment from the Debtor, the Estate or the Trustee (collectively, "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason, including, but not limited to, Bankruptcy Code section 502, and such rights are expressly reserved.  Notwithstanding this reservation of rights, the Plaintiff seeks certain relief under Bankruptcy Code section 502 as set forth below.

**FIRST CLAIM FOR RELIEF**
**Avoidance of Preferential Transfers**
**(11 U.S.C. § 547)**

14.  Plaintiff incorporates by reference paragraphs 1 through 13 of this Complaint as though set forth in full.

15.  Plaintiff is informed and believes and thereon alleges that on or within 90 days prior to the Petition Date (the "Preference Period"), the Debtor made transfers to the Defendants in an

3

4736063v.1

amount totaling <u>at least</u> $27,981.30 (each and collectively, the "Identified Transfers"). Attached hereto as Exhibit "A" is a list of the Identified Transfers.

16. Plaintiff is informed and believes and thereon alleges that in addition to the Identified Transfers, the Debtor may have transferred other Funds to Defendants which the Trustee has not yet been able to identify (the "Unidentified Transfers," together with the Identified Transfers, the "Transfers"). During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of now Unidentified Transfers made to Defendants. It is Plaintiff's intention to avoid and recover all fraudulent transfers made to Defendants, including payments made to Defendants from the Debtor's or David's bank accounts. Plaintiff reserves the right to amend this original Complaint to include further information regarding the Transfers, including information regarding any now Unidentified Transfers.

17. Plaintiff is informed and believes and thereon alleges that each of the Transfers were transfers of an interest of the Debtor in property.

18. Plaintiff is informed and believes and thereon alleges that each of the Transfers were to or for the benefit of Defendants as creditors of the Debtor.

19. Plaintiff is informed and believes and thereon alleges that each of the Transfers were for or on account of antecedent debts owed by the Debtor before such Transfers were made.

20. Plaintiff is informed and believes and thereon alleges that each of the Transfers were made while the Debtor was insolvent.

21. Plaintiff is informed and believes and thereon alleges that each of the Transfers enabled Defendants to receive more than Defendants would receive if:

    a. the Case were a case under Chapter 7 of the Bankruptcy Code;

    b. such Transfer had not been made; and

    c. Defendants received payment of the debt to the extent provided by the provisions of Bankruptcy Code.

/ / /

/ / /

/ / /

4

4736063v.1

**SECOND CLAIM FOR RELIEF**
**Recovery of Avoided Transfers or Value Thereof**
**(11 U.S.C. § 550)**

22.     Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though set forth in full.

23.     Upon avoidance of the Transfers under the First Claim for Relief alleged herein, Plaintiff is entitled to recover the Transfers or the value of the Transfers from Defendants as the initial, immediate, or mediate transferees, or the entities or persons for whose benefit the Transfer was made pursuant to 11 U.S.C. § 550.

**THIRD CLAIM FOR RELIEF**
**Disallowance of Claim**
**(11 U.S.C. § 502(d))**

24.     Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though set forth in full.

25.     Plaintiff is informed and believes and thereon alleges that Defendants are entities from which property is recoverable under 11 U.S.C. § 550.

26.     Plaintiff is informed and believes and thereon alleges that Defendants are transferees of the Transfers, which are avoidable under 11 U.S.C. §§ 544 and 548, and California Civil Code §§ 3439, *et seq.*, as set forth above.

27.     Plaintiff is informed and believes and thereon alleges that Defendants have not paid the amount of the Transfers, or turned over such Transfers, to Plaintiff for which Defendants are liable under 11 U.S.C. § 550.

28.     Any and all Claims of Defendants and/or their assignees against the Estate must be disallowed until such time as Defendants pay or turn over to Plaintiff an amount equal to Defendants' liability under 11 U.S.C. § 550.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

On the First Claim for Relief:

1.      For a determination by the Court that the Transfers were preferential transfers within the meaning of 11 U.S.C. § 547;

4736063v.1

2.	For a judgment against Defendants avoiding the Transfers, in the aggregate amount of <u>at least</u> $27,981.30, plus any additional amounts according to proof; and

3.	For such other and further relief as the Court deems just and proper.

<u>On the Second Claim for Relief</u>

4.	For a judgment granting Plaintiff the right to recover from the Defendants, as the initial, immediate, or mediate transferees, or as the entities or persons for whose benefit the Transfers were made, the Transfers avoided or the value of the Transfers avoided under the First Claim for Relief; and

5.	For such other and further relief as the Court deems just and proper.

<u>On the Third Claim for Relief</u>

6.	For a judgment disallowing any Claims of Defendants against the Debtor's Estate as provided for in 11 U.S.C. § 502(d); and

7.	For such other and further relief as the Court deems just and proper.

<u>As to All Claims for Relief:</u>

The Trustee seeks prejudgment and postjudgment interest, attorneys' fees, costs of suit, and all other amounts allowed by law.

Dated:  October 9, 2009					/s/ Joseph R. Dunn
							Jeffry A. Davis
							Joseph R. Dunn
							**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
							Special Counsel for Trustee
							Leslie T. Gladstone

6

4736063v.1

# EXHIBIT A

| Date of Transfer | Amount of Transfer | Method of Transfer |
|---|---|---|
| 6/14/07 | $2,981.30 | Check |
| 09/10/07 | $25,000.00 | Check |
| **Total** | $27,981.30 | |

4736063v.1